## LIABILITY FOR BITE BY DOG ON OWNER'S PREMISES.

Circuit Court of Cuyahoga County.

RAYMOND FRERICH, AN INFANT UNDER FOURTEEN YEARS OF AGE,
v. MATHEW C. BLAKE.

Decided, March 24, 1911.

*Vicious Dog on Owner's Premises—Pleading—Sufficient Averments.*

A petition which states that the plaintiff was lawfully on the defendant's premises and while there was bitten, without his fault, by defendant's dog while it was running at large thereon in the day time, unmuzzled, shows a cause of action.

*Webber & Metcalfe,* for plaintiff in error.
*P. H. Kaiser,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

A demurrer to the petition was sustained in this case.

It avers that the plaintiff, an infant nine years old, was lawfully on the defendant's premises and while there was bitten without his fault by defendant's dog while it was running at large thereon, in the daytime, unmuzzled.

It will be noticed that the dog was upon its owner's premises and there is no allegation that he had knowledge of its vicious propensities.

Under the Hayes case, 62 Ohio St., 161, such knowledge and negligent keeping of the dog thereafter, is the gist of the action.

About a month after that case was decided, the Legislature passed an act, now known as Section 5838, General Code, which reads as follows:

"A dog that chases, worries, injures or kills, a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large, a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

It is conceded that this statute does away with the necessity of alleging that the owner knew the dog to be vicious. *Guis* v. *Zech,* 24 Ohio St., 329.

But it is said that the statute gives a right of action to a person bitten by a dog running at large and not by a dog upon its owner's premises.

This is said to follow from the provision that only when you wound such dog running at large, are you not liable to prosecution for cruelty to animals.

We do not so read the statutes, "such dog" in the last sentence, the same as "such dog" as previously used, refers to "a dog that chases, worries, injures or kills a sheep, lamb, kid, goat or domestic fowl or domestic animal or person."

The policy of the statute seems to be to permit a man to keep a dog at his peril and to make him responsible for any damage or injury the dog may do, whether the owner has a reason to apprehend it or not. Those who do not like dogs will approve of this law, and the people are about equally divided between those who like dogs and those who do not.

There seems to be no good reason for exempting a dog owner from liability to one bitten while lawfully upon the owner's premises. That is where dogs get bold and do the most damage to innocent visitors. The wording of the statute requires no such restrictive interpretation as plaintiff in error urges, and the petition is held to make a case under the statute.

Judgment reversed.